# CUNNINGHAM & ASSOCIATES, PLC

**VIRGINIA**
1600 Wilson Blvd., Suite 1008
Arlington, VA 22209

**MARYLAND**
1111 Bonifant Street
Silver Spring, MD 20910

**WASHINGTON, D.C.**
5039 Connecticut Ave. NW, Bldg. 3
Washington, DC 20008

ATTORNEYS & COUNSELORS AT LAW
1600 Wilson Boulevard, Suite 1008
Arlington, Virginia 22209

Telephone: (703) 294-6500
Facsimile: (703) 294-4885

info@cunninghamlawyers.com
www.cunninghamlawyers.com

Joseph F. Cunningham (DC, MD, VA)
Robert J. Gastner (DC, VA)
Jonathan Hogins (VA)
Laura Johnston (VA)

Docket + File

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/31/13
```

December 12, 2013

**VIA FACSIMILE:**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007
Fax: (212) 805-7986

    Re:   *Markel American Insurance Company v. Raymond Lloyd*
           Case No.: 13-cv-07606, USDC SDNY

Your Honor:

    This firm represents Defendant, Raymond Lloyd, in a cause of action which currently exists in the United States District Court for the Northern Division of Maryland, and involves the exact same facts and circumstances as the matter styled above. The matter above was initiated by our client in the State of Maryland. Plaintiff then removed the Maryland State action to the United States District Court for Maryland. Now Plaintiff is attempting to seek declaratory relief using the Southern District of New York simply because the venue is convenient to Plaintiff's counsel.

    While I am licensed to practice before the United States Supreme Court, the United States District Court for the Northern and Southern Divisions of Maryland, the United States District Courts for the Eastern District of Virginia and the Western District of Virginia, I am not licensed to practice in the Southern District of New York. Our client, Mr. Lloyd, does not have the funds available to find local counsel in New York to consult with and to assist in admitting me in the Southern District of New York on a *pro hac vice* basis. After consulting with the local rules and attempting to contact chambers, we have not received any guidance on how to proceed given our client's economic circumstances and the frivolous nature of Plaintiff's Complaint for Declaratory Judgment.

**CUNNINGHAM & ASSOCIATES, PLC**
December 12, 2013

---

Attached to this letter, please find our pre-motion request for a telephonic conference with all parties regarding the transfer of venue and the Court's lack of personal jurisdiction. We respectfully ask you to schedule a telephonic conference on the matters described in the attached letter at a time convenient to the Court. Thank You.

Very truly yours,

Joseph F. Cunningham

Cc: James Mercante, Esq.
Fax: (212) 447-4635

Enclosure

# CUNNINGHAM & ASSOCIATES, PLC
## ATTORNEYS & COUNSELORS AT LAW
1600 Wilson Boulevard, Suite 1008
Arlington, Virginia 22209

Telephone: (703) 294-6500
Facsimile: (703) 294-4885

info@cunninghamlawyers.com
www.cunninghamlawyers.com

**VIRGINIA**
1600 Wilson Blvd., Suite 1008
Arlington, VA 22209

**MARYLAND**
1111 Bonifant Street
Silver Spring, MD 20910

**WASHINGTON, D.C.**
5039 Connecticut Ave. NW, Bldg. 3
Washington, DC 20008

Joseph F. Cunningham (DC, MD, VA)
Robert J. Gastner (DC, VA)
Jonathan Hogins (VA)
Laura Johnston (VA)

December 12, 2013

**VIA FACSIMILE:**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007
Fax: (212) 805-7986

   Re: *Markel American Insurance Company v. Raymond Lloyd*
     Case No.: 13-cv-07606

Your Honor:

  Defendant, Raymond Lloyd ("Defendant"), submits this letter as a request for a pre-motion conference in compliance with the Individual Rules of Practice in Civil Cases, **Rule 4.A. Pre-Motion Conferences in Civil Cases** which states in part: "Pre-motion conferences are required for…transfer motions." Defendant intends to file a Special Appearance for purposes of objecting to the jurisdiction of this Court over Defendant's person and property pursuant to FRCP Rule 12(b)(2). Defendant intends further to file a Special Appearance for purposes of filing a Motion to Transfer Venue of this case pursuant to 28 U.S.C. §§ 1391 and 1406 and FRCP Rule 12(b)(3). Defendant requests that a pre-motion conference be held via telephonic conference in the interests of time and fair play.

  The case styled above originated from a Complaint for Declaratory Judgment filed by Plaintiff on October 28, 2013. However, Defendant had previously filed a Breach of Contract Action on October 18, 2013 in the Circuit Court of Maryland for Queen Anne's County ("State Court Action"), in which Defendant, Raymond Lloyd, is named as Plaintiff and Markel American Insurance Company ("Plaintiff") is named as Defendant. Plaintiff has subsequently removed the State Court Action to the United States District Court for the Northern Division of Maryland.

  Before this Court can exercise power over Defendant, the Constitution requires that the Defendant have certain minimum contacts with the forum in which this Court sits. *International Shoe v. Washington*, 326 U.S. 310 (1945). This Court does not have personal jurisdiction over the Defendant's person or property. Defendant will further show:

**CUNNINGHAM & ASSOCIATES, PLC**
December 12, 2013

- Defendant is not, and has never been, a resident of the State of New York. Defendant is a resident of the State of Colorado;

- Defendant is not required to maintain, and does not maintain, registered agents for service in New York;

- Defendant is not currently, and never has, engaged in business in New York;

- Defendant does not maintain, and never has maintained, a place of business in New York, and has no employees, servants, or agents within the State;

- Defendant does not own, and never has owned, any real property in New York;

- Defendant does not maintain, and never has maintained, a bank account in New York;

- Defendant has not committed any tort, in whole or in part, within New York;

- The allegations contained in Plaintiff's Complaint for Declaratory Judgment occurred in Maryland and New Jersey, not New York, and was not directed at individuals in New York; and,

- Defendant is not aware of any basis upon which jurisdiction over Defendant by this Court would be proper.

The assumption of jurisdiction by this Court over Defendant would offend traditional notions of fair play and substantial justice, depriving Defendant of the right to due process of law as guaranteed by the Constitution of the United States and the State of New York.

Furthermore, the Southern District of New York is the improper venue for this case. A civil action may be brought in (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

The Southern District of New York is an improper venue for this action. Defendant is not a resident of New York, but rather a resident of Colorado. The events alleged in Plaintiff's Complaint for Declaratory Judgment occurred in Maryland, Delaware, and New Jersey. The fact that the vessel in question may have had a final destination of New York does not give rise to proper venue in New York. The vessel never made it that far before it tragically sunk. Finally, this case existed prior to Plaintiff's filing of its Complaint in the State of Maryland, where a substantial portion of the events took place and where venue is proper. Plaintiff has since removed the State Court Action to the United States District Court for the Northern Division of Maryland, itself arguing for proper venue in that Court.

CUNNINGHAM & ASSOCIATES, PLC
December 12, 2013

---

In consideration of the foregoing, Defendant makes a Special Appearance and requests this Court sustain his objection to jurisdiction and venue. Furthermore, Defendant requests this case be transferred to the United States District Court for the Northern Division of Maryland pursuant to 28 U.S.C. 1391, in the interests of the parties and traditional notions of fair play.

Please set a pre-motion conference via telephonic conference on the foregoing matters at a time convenient to the Court.

Very truly yours,

Joseph F. Cunningham

Cc:   James Mercante, Esq.
      Fax: (212) 447-4635

3